**WINSTON & STRAWN LLP**
ERIC E. SAGERMAN (SBN: 155496)
ROLF S. WOOLNER (SBN: 143127)
HENKIE F. BARRON (SBN: 245085)
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
esagerman@winston.com
rwoolner@winston.com
hbarron@winston.com

Attorneys for plaintiff, the Vineyard National Bancorp Liquidating Trust

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>VINEYARD NATIONAL BANCORP,<br><br>Debtor. | **District Court Case No. CV11-01563-R**<br><br>Underlying Cases:<br><br>Chapter 11<br>Case No. 2:10-BK-21661-RN<br>Hon. Richard Neiter |
| BRADLEY D. SHARP, AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST OF VINEYARD NATIONAL BANCORP,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Vineyard Bank, National Association,<br><br>Defendant and Counter-Plaintiff. | Adv. Pro. No. 2:10-ap-01815-RN<br><br>**PLAINTIFF'S OPPOSITION TO MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR VINEYARD BANK, NATIONAL ASSOCIATION, FOR THE ENTRY OF AN ORDER WITHDRAWING REFERENCE OF ADVERSARY PROCEEDING**<br><br>Date: April 4, 2011<br>Time: 10:00 a.m.<br><br>Courtroom: 8<br>312 N. Spring St.<br>LA, CA 90012 |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................ 1

II. BACKGROUND ........................................ 2

III. WITHDRAWAL OF THE REFERENCE IS NEITHER NECESSARY NOR ADVISABLE AT THIS POINT ........................................ 3

A. The Motion Fails to Demonstrate a Basis for Mandatory Withdrawal ........................................ 3

B. The Motion Fails to Show that Permissive Withdrawal is Warranted ........................................ 11

C. The Motion is Tardy ........................................ 14

IV. CONCLUSION ........................................ 15

i

OPPOSITION TO MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING

LA:288988.10

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES

Page(s)

**CASES**

All Season's Kitchen Inc. v. FDIC,
145 B.R. 391 (Bankr. D. Vt. 1992) .......... 6, 7

Dow Jones/ Group W Television v. NBC, Inc.,
127 B.R. 3 (S.D.N.Y. 1991) .......... 4

FTC v. First Alliance Mortg. Co.,
282 B.R. 894 (C.D. Cal. 2002) .......... 3

Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.,
355 B.R. 214 (D. Hi. 2006) .......... 3, 4, 6, 12

Holmes v. Grubman,
315 F. Supp. 2d 1376 (M.D. Ga. 2004) .......... 4

In re Allegheny Health Edu. And Research Foundation,
Nos. CIV A 06-1469, 2006 WL 3843572 (W.D. Pa. Dec. 19, 2006) .......... 14

In re American Classic Voyages Co.,
337 B.R. 509 (D. Del. 2006) .......... 12

In re Best Products Co., Inc.,
Nos. 93 Civ. 1115 & 1149, 1994 WL 141970 (S.D.N.Y. Apr. 20, 1994) .......... 8

In re Bob Richards Chrysler-Plymouth Corporation, Inc.,
473 F.2d 262 (9th Cir. 1973) .......... 9

In re CIS Corporation,
172 B.R. 748 (S.D.N.Y. 1994) .......... 8

In re CIS Corporation,
140 B.R. 351 (S.D.N.Y. 1992) .......... 5

In re Coe-Truman Technologies, Inc.,
214 B.R. 183 (N.D. Ill. 1997) .......... 4

In re Continental Financial Resources, Inc.,
154 B.R. 385 (Bankr. D. Mass. 1993) .......... 7

In re Cox,
433 B.R. 911 (Bankr. N.D. Ga 2010) .......... 7

In re Don's Money Making, LLP,
No. CV 07-319-PHX-MHM, 2007 WL 1302748 (D. Ariz. May 1, 2007) .......... 4

In re FMI Forwarding Co., Inc.,
No. 00 B 41815 (CB), 2005 WL 147298 (S.D.N.Y. Jan. 24, 2005) .......... 14

In re Independent Bankgroup, Inc.,
217 B.R. 442 (Bankr. D. Vt. 1998) .......... 5

In re Mahlmann,
149 B.R. 866 (N.D. Ill. 1993 ) .......... 14

In re McCarthy,
348 F.3d 1075 (9th Cir. 2003) .......... 6

In re Netbank, Inc.,
Case No. 3:07-bk-04295-JAF, Adversary No. 08-00346 (Bankr. M.D. Fla. Sept. 30, 2010) .......... 5, 9

In re Parker North American Corporation,
24 F.3d 1145 (9th Cir. 1994) .......... 5, 6, 7, 8

In re Parker North American Corporation,
148 B.R. 925 (C.D. Cal. 1992) .......... 7, 8

In re Security Bank Corp.,
No. 09-52409-JTL, 2010 WL 2464966 (M.D. Ga. June 14, 2010) .......... 5, 6, 12

In re Singh,
227 B.R. 748 (D. Kan. 1998) .......... 5

In re Smith-Corona Corp.,
205 B.R. 712 (D. Del. 1996) .......... 4

In re Team Financial,
No. 09-5084, 2010 WL 1730681 (Bankr. D. Kan. Apr. 27, 2010) .......... 9

In re Vicars Ins. Agency, Inc.,
96 F.3d 949 (7th Cir. 1996) .......... 3

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

In re Vineyard National Bancorp, Case No. 6-09-bk-26401-RN (Bankr. C.D. Cal. March 24, 2010) .................... 11

Laine v. Gross, 128 B.R. 588 (D. Me. 1991) .................... 14

Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999 (9th Cir. 1997) .................... 4, 11, 14

Sharp v. Morales, et al., 2:10-ap-1569-RN (Bankr. C.D. Cal. Sept. 14, 2010) .................... 12, 13

Sharp v. Morales et al, 2:10-ap-1569-RN (Bankr. C.D. Cal. Nov. 9, 2010) .................... 13

**STATUTES**

11 U.S.C. § 502(b) .................... 2

11 U.S.C. § 507(a)(9) .................... 2

11 U.S.C. § 510 .................... 2

12 U.S.C. § 1821(d) .................... 7

12 U.S.C. § 1821(d)(2)(A) .................... 5, 11

12 U.S.C. § 1821(d)(17)(D) .................... 11

12 U.S.C. § 1823(e) .................... 5

28 U.S.C. § 157(b) .................... 6

28 U.S.C. § 157(d) .................... 1, 3, 13

28 U.S.C. § 1346(b) .................... 10

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7001 .................... 6

Interagency Policy Statement on Income Tax Allocation in Holding Company Structure, 63 Fed. Reg. 64757-01, 1998 WL 804364 (Nov. 23, 1998) .................... 8, 9

iv

OPPOSITION TO MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING

LA:288988.10

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## I. INTRODUCTION

In enacting 28 U.S.C. § 157(d), permitting withdrawal of the reference of bankruptcy cases, Congress did not intend to create an escape hatch for litigants to remove any proceeding involving a bankruptcy court based solely upon an allegation that the proceeding requires consideration of federal law. Rather, the reference is to be withdrawn upon the presentation of novel and complex issues of federal law, or if the District Court finds that sufficient cause justifies withdrawal. This promotes efficient resolution of most matters by the bankruptcy courts, but permits withdrawal where the bankruptcy court is not the appropriate forum. The burden of demonstrating that withdrawal is proper rests with the moving party.

Here, movant Federal Deposit Insurance Corp, as receiver for Vineyard Bank, National Association ("FDIC-R"), has not met its burden of persuasion as to either mandatory or permissive withdrawal. Plaintiff Bradley D. Sharp, appointed by the Bankruptcy Court to act as trustee (the "Liquidating Trustee") of the Liquidating Trust of Vineyard National Bancorp, therefore opposes FDIC-R's motion to withdraw the reference of this adversary proceeding (the "Motion") [Docket No. 1].

While the Motion recites a long laundry list of assertedly applicable federal law, much of which is of little relevance, it largely ignores the implications of a critical fact: that FDIC-R elected to file a proof of claim in the chapter 11 case of Vineyard National Bancorp (the "Debtor"), asserting an entitlement to share as a creditor in property of the Debtor's bankruptcy estate. The claims asserted in the complaint brought by the Debtor commencing this adversary proceeding would not exist in the absence of the bankruptcy case or FDIC-R's proof of claim in that case. Those claims relate to the need to determine what constitutes property of the Debtor's bankruptcy estate, and are fundamental to the administration of that estate and distribution of assets to creditors. The chapter 11 case, under the supervision of the Bankruptcy Court, is separate and distinct from the receivership proceeding of the Debtor's former

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

subsidiary, Vineyard National Bank (the "Bank"), supervised by FDIC-R. By statutory design, the chapter 11 case and the receivership proceeding have different rules, different beneficiaries, and different supervising authorities.

## II. BACKGROUND

Vineyard National Bancorp filed a voluntary chapter 11 petition for relief in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") on July 21, 2009; the bankruptcy case is before the Honorable Richard Neiter in that court's Los Angeles Division. See Motion at 7:6-10.

On January 15, 2010, FDIC-R filed a proof of claim in the Debtor's case. The proof of claim asserted, among other things: (i) an unliquidated priority claim under Bankruptcy Code section 507(a)(9) for the Debtor's alleged failure to maintain the capital of the Bank; (ii) unliquidated claims arising from FDIC-R's ability to avoid and recover transfers from the Bank to the Debtor; (iii) tort based claims allegedly arising from duties owed to the Bank; and (iv) unliquidated claims arising from the consolidated federal and state tax returns to be filed for the year 2009. A copy of FDIC-R's proof of claim is Exhibit A to the Complaint; the Complaint itself is Exhibit A to the Motion. See Motion at 8:25-9:3 and Ex. A.

On May 5, 2010, the Debtor objected to FDIC-R's proof of claim by commencing this adversary proceeding (the "Adversary Proceeding"). The Debtor's *Complaint: (1) Objecting to FDIC Claim; (2) for Subordination of FDIC Claims; and (3) Counterclaim for Declaratory Relief* (the "Complaint") seeks: (i) disallowance pursuant to Bankruptcy Code section 502(b) of FDIC-R's claim as contingent or unmatured; (ii) to the extent the claim is allowed, subordination of the claim pursuant to Bankruptcy Code section 510; (iii) declaratory relief that tax refunds in connection with amended consolidated returns are property of the Debtor's bankruptcy estate; and (iv) declaratory relief that the proceeds of certain insurance policies are property of the estate. See id. Pursuant to an August 2010 order of the Bankruptcy Court

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

confirming a plan of liquidation and establishing the Liquidating Trust, the Liquidating Trust has succeeded the Debtor as plaintiff in the Adversary Proceeding. See Motion at 9:3-4.

After obtaining two extensions of the deadline to file its answer, FDIC-R filed its answer and counterclaims on November 18, 2010 (see Motion at 10:10-11), and subsequently filed an amended answer and counterclaims in January 2011.

On February 22, 2011, the FDIC-R filed the Motion.

## III. WITHDRAWAL OF THE REFERENCE IS NEITHER NECESSARY NOR ADVISABLE AT THIS POINT

The controlling statute here is 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on in part, any case or proceeding referred under this section, on its motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulation organizations or activities affecting interstate commerce.

The first sentence generally is interpreted as authorizing permissive withdrawal, while the second sentence provides for mandatory withdrawal. Under either standard, the movant bears the burden of persuasion. See FTC v. First Alliance Mortg. Co., 282 B.R. 894, 902 (C.D. Cal. 2002). Because FDIC-R has not made a case for either mandatory or permissive withdrawal from the Bankruptcy Court, and the Motion was tardily filed, the Motion should be denied.

### A. The Motion Fails to Demonstrate a Basis for Mandatory Withdrawal

Courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest potential reading. See In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996) (a literal reading would "'eviscerate much of the work of the bankruptcy courts'. . .[and] create an 'escape hatch' by which bankruptcy matters could easily be removed to the district court." ) (citations omitted); accord Hawaiian Airlines, Inc. v. Mesa Air Group, Inc., 355 B.R. 214, 222-23 (D. Hi. 2006); In re

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Don's Money Making, LLP, No. CV 07-319-PHX-MHM, 2007 WL 1302748 at *2-3 (D. Ariz. May 1, 2007). The Court of Appeals for the Ninth Circuit has observed that mandatory withdrawal of the reference is required when the proceeding requires substantial and material consideration of federal law. See Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 n.4 (9th Cir. 1997). Withdrawal thus is necessary only when "'complicated, interpretative issues are involved, especially with matters of first impression or where there is a conflict between bankruptcy and other laws,'" not when the bankruptcy court is merely applying fixed legal standards to a given set of facts. Holmes v. Grubman, 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004). See also In re Coe-Truman Technologies, Inc., 214 B.R. 183, 186 (N.D. Ill. 1997) (motion to withdraw the reference denied because "[t]he defendant has failed to demonstrate that these regulations. . .will present the bankruptcy court with novel, complex, or unresolved issues); In re Smith-Corona Corp., 205 B.R. 712, 714-15 (D. Del. 1996) ("straightforward application" of relevant ERISA provisions did not warrant mandatory withdrawal notwithstanding that "an analysis of the interplay between ERISA and the Bankruptcy Code is involved"); Dow Jones/ Group W Television v. NBC, Inc., 127 B.R. 3, 4-5 (S.D.N.Y. 1991) (court not required to withdraw the reference where case merely required application of antitrust principles to facts). Where the bankruptcy court primarily is considering core issues, withdrawal is not necessary. See Hawaiian Airlines, 355 B.R. at 222 ("Withdrawal is mandatory only when the non-code issues dominate the bankruptcy issues.") (citing In re Ponce Marine Farm, Inc., 172 B.R. 722, 724 (D.P.R. 1994)).

Under these standards, mandatory withdrawal is not required here.

First, the Motion's repeated mantra that the Adversary Proceeding involves FIRREA (even assuming that to be the case) does not control the forum. District courts deny motions to withdraw the reference even where bankruptcy courts may be

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

required to consider FIRREA. See, e.g., In re Security Bank Corp., No. 09-52409-JTL, 2010 WL 2464966 at *3 (M.D. Ga. June 14, 2010) (denying FDIC's motion to withdraw the reference even though the proceeding might require application of federal banking law, specifically 12 U.S.C. § 1821(d)(2)(A) to determine ownership of tax refunds); In re Singh, 227 B.R. 748, 752 (D. Kan. 1998) (denying motion to withdraw reference even though the case required consideration of FIRREA's fraudulent transfer powers); In re CIS Corporation, 140 B.R. 351, 353 (S.D.N.Y. 1992) (denying request to withdraw the reference; "[t]o set a precedent providing for the withdrawal of bankruptcy proceedings to a district court whenever this issue [subject matter jurisdiction under FIRREA] arises would work against the purposes of FIRREA itself, which was enacted 'to deal expeditiously' with the assets of failed depository institutions.") (citation omitted). Similarly, bankruptcy courts consider FIRREA provisions without referring the matter to the district court. See, e.g., In re Independent Bankgroup, Inc., 217 B.R. 442, 446-47 (Bankr. D. Vt. 1998) (considering 12 U.S.C. § 1823(e) without withdrawing the reference); In re NetBank, Inc., Case No. 3:07-bk-04295-JAF, Adversary No. 08-00346 [Docket No. 64], Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment (Bankr. M.D. Fla. September 30, 2010) (considering provisions of FIRREA and other federal law without withdrawing the reference). See generally In re Parker North American Corporation, 24 F.3d 1145, 1154 n. 10 (9th Cir. 1994) ("We also observe that, despite its jurisdictional contentions, the RTC has continued to defend other actions in bankruptcy courts on the merits.").[1]

[1] The Motion asserts at the same time that the reference should be withdrawn (on an argument that only the District Court can determine the issues in connection with federal law), and also that this Court will not have subject matter jurisdiction (due to the Debtor's failure to file a claim in its administrative proceedings). See Motion at p. 14:21-26, 15:1-4 ("FIRREA makes clear that no court has jurisdiction to hear claims against FDIC-R unless and until the claimant has pursued and completed the mandatory administrative claims process. Accordingly, FDIC-R has raised VNBC's failure to submit an administrative claim as an affirmative defense to Trustee's Complaint and will also eventually seek to dismiss this action based, in part, on that

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Second, the issues raised in the Complaint are well-recognized core bankruptcy proceedings. In discussing a denial of a motion to withdraw the reference, the Ninth Circuit noted that it "sought to harmonize the Bankruptcy Code and FIRREA so as to allow bankruptcy courts to determine matters in which they, not the RTC, have specific competence." In re McCarthy, 348 F.3d 1075, 1078 (9th Cir. 2003). See also In re Parker North American Corp., 24 F.3d 1145, 1153 (9th Cir. 1994) ("Bankruptcy courts have expertise in determining preference actions, which involve legal matters unique to the Code. . . A preference action which arises incident to the RTC's *collection* efforts against the debtor simply does not fit within that framework [of FIRREA]."). Here, pursuant to Federal Rule of Bankruptcy Procedure 7001, the Debtor initiated the Adversary Proceeding to determine issues arising from the FDIC's proof of claim: disallowance or equitable subordination of that proof of claim, and declaratory relief determining that certain assets are property of the Debtor's bankruptcy estate. None of these claims can exist outside the bankruptcy context, which renders them core. See 28 U.S.C. § 157(b). See also Hawaiian Airlines, 355 B.R. at 218 n. 1 ("the Ninth Circuit has characterized as 'non-core' proceedings, matters which do not depend on the bankruptcy for their existence, and which could proceed in another court."). Unlike non-core claims, core claims generally are fundamental to the administration of the estate and as such, by statute, bankruptcy courts are permitted the jurisdiction to enter final orders on their determination. See, e.g., In re Security Bank Corp., 2010 WL 2464966 at *3 (M.D. Ga. June 14, 2010) (denying FDIC's motion to withdraw the reference on the determination of entitlement to a disputed tax refund because "the determination of what is property of the estate is a fundamental issue affecting the administration of the underlying bankruptcy case here."); All Season's Kitchen Inc. v. FDIC, 145 B.R. 391,

---

very same failure."). As noted below, this argument is misplaced: the Debtor is if anything a debtor, not a creditor, of the Bank and so had no reason to file a claim in the Bank's receivership.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

400 n. 10 (Bankr. D. Vt. 1992) ("[w]ith no authority to allow or disallow [the RTC]'s claims against a bankruptcy debtor, the system falls apart. . . ."). See also In re Cox, 433 B.R. 911, 921 (Bankr. N.D. Ga 2010) (bankruptcy courts have "exclusive jurisdiction over the property of the bankruptcy estate.").

Third, because the Ninth Circuit recognizes that FIRREA and Title 11 can and do run parallel to one another, filing a proof of claim creates an independent ground for the bankruptcy court's jurisdiction notwithstanding FIRREA. See In re Parker North American Corporation, 24 F.3d 1145 (9th Cir. 1994) (affirming In re Parker North American Corporation, 148 B.R. 925, 929 (C.D. Cal. 1992)). In Parker North American, the bankruptcy court *sua sponte* determined that FIRREA prevented it from having subject matter jurisdiction over preference claims asserted against the receiver. 148 B.R. at 927. In overruling this decision, the district court held that because the filing of the proof of claim against the debtor created an independent basis to assert jurisdiction, the debtor was not required to exhaust administrative remedies as provided under 12 U.S.C. § 1821(d). The Ninth Circuit affirmed, essentially agreeing that the debtor was entitled to protect itself against claims filed in its own proceedings. In re Parker North American Corporation, 24 F.3d at 1152-53 ("We agree with the courts that hold that FIRREA only applies to claims of *creditors* against the RTC and not to 'challenges incident to the [RTC]'s claims against its debtors. . . Accordingly, we agree that 'a claim under FIRREA means an obligation owed *by* the failed institution, and not an obligation owing *to* it.'") (citation omitted).[2] An attempt by FDIC-R to collect against a debtor "simply does not fit within the framework" of FIRREA. Id. But when a creditor files a claim against a debtor, that debtor has the jurisdiction to protect itself against that claim. See In re Continental Financial Resources, Inc., 154 B.R. 385, 389 (Bankr. D. Mass. 1993) (finding that the

[2] Here, as in Parker North American Corporation, the Debtor is if anything a debtor (not a creditor) of the Bank, with no claim to be dealt with in the Bank's liquidation proceedings.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

bankruptcy court had jurisdiction to determine claims arising from FDIC's proof of claim because "FIRREA applies only to claims against the FDIC and not to challenges incident to the FDIC's claims against its debtors"); accord In re Best Products Co., Inc., Nos. 93 Civ 1115 & 1149, 1994 WL 141970 at *3-6 (S.D.N.Y. April 20, 1994). Nothing in FIRREA divests bankruptcy courts of such subject matter jurisdiction.

Fourth, the FDIC-R has not shown how the allegedly applicable federal statutes present novel or complex issues that require removal from the Bankruptcy Court. See In re CIS Corp., 172 B.R. 748, 754 (S.D.N.Y. 1994) ("unless it desires evisceration of title 11, [movant bank] can hardly suggest that this Court is required to withdraw the reference in order to scrutinize whether there *might* be a conflict between the federal law and Title 11 when it has not identified the substance of the conflict."). FDIC-R throws out a lengthy laundry list of federal statutes that it contends (with varying degrees of plausibility) are applicable, but does not discuss why they would require more than application of fixed legal standards to the facts.

Finally, although this Motion does not call for substantive resolution of the various issues it raises, FDIC-R assumes the applicability of statutes even though predicates for their application have not been shown and takes liberties with underlying facts (for which no support is offered). For instance:

- Certain federal statutes referenced in the Motion's laundry list are not even applicable to bankruptcy proceedings: FDIC-R discusses at length the Debtor's failure to file a proof of claim in the Bank's liquidation proceeding, but Ninth Circuit authority holds that FIRREA's administrative exhaustion requirement does not apply to an entity in bankruptcy that is a debtor of the entity in FDIC receivership. In re Parker North American Corporation, 24 F.3d 1145 (9th Cir. 1994) (affirming In re Parker North American Corporation, 148 B.R. 925, 929 (C.D. Cal. 1992)). Similarly, courts have held that the Interagency

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Policy Statement on Income Tax Allocation in Holding Company Structure, 63 Fed. Reg. 64757-01, 1998 WL 804364 (Nov. 23, 1998) (referred to in the Motion at p. 17:3-15) does not have the force of law. See In re Team Financial, Adversary No. 09-5084, 2010 WL 1730681 at *8 (Bankr. D. Kan. Apr. 27, 2010); NetBank at p. 29 (same).

- FDIC-R asserts that the tax refunds that are a subject of the proof of claim it filed in the bankruptcy should go to it, but a determination as to whether those refunds are property of the Debtor's chapter 11 estate is itself a core bankruptcy issue that the Complaint seeks to resolve. Cf. Motion at pp. 2:1-3, 3:8-9.
- Notwithstanding FDIC-R's recitation of a series of federal laws that it asserts control ownership of the refunds, cases repeatedly have found that, where a tax sharing agreement existed, that it controlled the relationship between the parties and therefore the subsequent ownership of tax refunds. See, e.g., In re Bob Richards Chrysler-Plymouth Corporation, Inc., 473 F.2d 262, 265 (9th Cir. 1973) (applying equitable principles only because of the absence "of any differing agreement" regarding the ultimate disposition of tax refund); Team Financial 2010 WL 1730681 at *8, 10 (examining tax sharing agreement between bank and its holding company to determine whether refunds arising from consolidated returns were property of the debtor or FDIC-R); NetBank at pp. 13-28 (same). FDIC-R does not dispute that the Bank and the Debtor entered into a tax sharing agreement. See Motion at p. 23: 4-23.[3] Bob Richards, Team Financial, and NetBank suggest that interpretation of the tax sharing agreement itself, rather than "meaningful" consideration of

[3] FDIC-R attached a copy of the Debtor's tax sharing agreement with the Bank, entered into on January 3, 2007, as Exhibit 1 to both its answer and its amended answer to the Complaint. See Motion at Ex. B, Ex. 1 and Ex. D, Ex. 1.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

federal banking laws, will be the proper focus in determining if the tax refunds are property of the bankruptcy estate.

- The Motion characterizes the Complaint's claims for equitable subordination as requiring consideration of 28 U.S.C. § 1346(b), the Federal Tort Claims Act. This is incorrect. The Liquidating Trust is not seeking tort damages from FDIC-R, but only to subordinate FDIC-R's proof of claim (if not disallowed) to the claims of other creditors in the chapter 11 case.
- FDIC-R asserts that the Complaint seeks to restrain its core powers (see Motion at 11:23-27, 12:1-9), but does not show that any of the enumerated powers are affected by the Complaint. Take, for example, FDIC-R's power to challenge assertedly fraudulent transfers (which might on its face seem potentially relevant): FDIC-R offers nothing in the Motion to show that power will even be exercised here, let alone any explanation of how the Complaint restrains that power. In its proof of claim in January 2010, FDIC-R noted that it was investigating whether "it may be entitled to avoid and recover property fraudulently transferred" (see proof of claim [attached as Ex. A to the Complaint, which is Ex. A to the Motion] at pp. 5-7 of 11), but made only vague general references to kinds of payments that it asserted it "may be entitled to avoid and recover." A year later, FDIC-R's amended counterclaims filed in January 2011 (attached to the Motion as Ex. D) added nothing of substance to supplement the vague reservation made in the proof of claim. See Motion at Ex. D. Under such circumstances, generic references to powers the FDIC-R has not plausibly shown will even be affected (still less impaired or impeded) do not satisfy FDIC-R's burden as movant.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

- Though it is not necessary to resolution of the Motion, the Liquidating Trustee notes that when the Motion states without citation that the Debtor "guaranteed [the regulator] that Bank would be adequately capitalized," Motion at 4:18-19, this is a factual liberty on FDIC-R's part. No such guaranty of capital maintenance obligations has ever been identified by FDIC-R, nor is the Liquidating Trustee aware of one. (That may be an issue to be addressed when the Adversary Proceeding goes forward.)

The Motion's laundry list approach, trotting out an over-long array of provisions with generalized assertions that they will apply, does not establish a basis for mandatory withdrawal in the absence of a showing of the need for substantial and meaningful consideration of that federal law in the proceeding.

**B. The Motion Fails to Show that Permissive Withdrawal is Warranted**

To determine whether permissive withdrawal is required, the Ninth Circuit counsels that a "district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related facts." Security Farms, 124 F.3d at 1008 (citation omitted). Examination of these factors, in light of the circumstances here, reveals no cause for permissive withdrawal.

Efficient use of judicial resources – The Debtor's case has been pending before the Bankruptcy Court since July 2009. In August 2010, the Bankruptcy Court confirmed the Debtor's and the Official Committee of Unsecured Creditors' joint plan of reorganization, confirmation of which raised (without requiring a ruling on) several of the same issues contemplated in the Motion.[4] The Bankruptcy Court's experience

[4]FDIC-R objected to plan confirmation based, among other things, on 12 U.S.C. §§ 1821(d)(2)(A), (d)(17)(D), a capital maintenance priority claim, its ownership of certain tax refunds arising from consolidated returns, and the Committee's allegedly improper assertion of claims against the Debtor's officers and directors (which, FDIC-R asserted, belong to the Receiver). *Objection to Joint Plan of Liquidation of Debtor and the Official Committee of Unsecured Creditors, Dated as of February 4, 2010 4, 2010*, In re Vineyard National Bancorp, Case No. 6-09-bk-26401-RN (Bankr. C.D. Cal. March 24, 2010) (the "Objection") [Docket No. 144]. FDIC-R later withdrew the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

with this case tends to suggest that it would be efficient for the matter to stay with the Bankruptcy Court. Moreover, in connection with a separate, unrelated complaint filed by the Official Committee of Unsecured Creditors against former directors and officers of the Debtor, the Bankruptcy Court has already considered, albeit indirectly, FDIC-R's arguments regarding its alleged ownership of certain proceeds of insurance policies and the execution of its asserted duties under FIRREA.[5] And, as discussed at length above, the issues being considered are core issues within the Bankruptcy Court's expertise. See In re American Classic Voyages Co., 337 B.R. 509, 512 (D. Del. 2006) ("because it is a core proceeding with which the Bankruptcy Court is already familiar, the continued handling of the matter by the Bankruptcy Court would foster efficient use of judicial resources. . . ."); In re Security Bank, 2010 WL 2464966 at *5 (finding no cause for permissive withdrawal where "[t]he Bankruptcy Court has expertise and experience in handling these types of cases and has been directly involved in the underlying case on which this adversary proceeding is based. Bankruptcy courts are often required to determine what is and is not property of the estate, and the Bankruptcy Court can handle the issues promptly and efficiently.").

There may perhaps be occasion for this Court at some point to address certain, or all, of these issues, but the Bankruptcy Court has knowledge of the facts here and

---

Objection subject to a plan modification preserving its claims. *Notice of Intent of the FDIC as Receiver for Vineyard Bank, National Association to Withdraw Its Objection to Joint Plan Subject to the Confirmation of Joint Plan as Modified by the "Notice of Non-material Modification to Joint Plan of Liquidation of the Debtor and the Official Committee of Unsecured Creditors Dated as of February 4, 2010"*, Case No. 10-21661-RN (Bankr. C.D. Cal. July 22, 2010) [Docket No. 221]. The Court may take judicial notice of its docket and that of the Bankruptcy Court.

[5] In its motion to intervene in the separate adversary proceeding, FDIC-R alleged that FIRREA entitled it to assert the Debtor's claims against directors and officers because, FDIC-R alleged, among other things: (i) under FIRREA, it succeeded to the powers of Debtor as stockholder; (ii) certain of the claims against the Debtor's officers and directors essentially were derivative claims belonging to FDIC-R because the Bank and the Debtor had the same directors and officers. See *Notice of Motion and Motion of Federal Deposit Insurance Corporation, as Receiver of Vineyard Bank, National Association to Intervene in Adversary*, Sharp v. Morales, et al., 2:10-ap-1569-RN (Bankr. C.D. Cal. Sept. 14, 2010) [Docket No. 57].

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

familiarity more broadly with the administration of claims and determination of property of bankruptcy estates.

Forum shopping –"Courts have cautioned that the discretion to withdraw the reference to the bankruptcy court should be 'employ[ed] . . . judiciously in order to prevent [withdrawal] from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." Hawaiian Airlines, 355 B.R. at 224 (citations omitted). Although the Motion asserts that withdrawal of the reference will prevent forum shopping, there is reason to question whether FDIC-R might have motivations along these very lines in bringing the Motion. On October 21, 2010, the Bankruptcy Court denied FDIC-R's renewed motion to intervene in the separate adversary proceeding [Adv. Pro. No. 2:10-ap-1569-RN] against the Debtor's former officers and directors. In denying FDIC-R's motion to intervene, the Bankruptcy Court stated:

> Well, the FDIC hasn't yet tipped its hand, if it's going to sue officers and directors, but it has tipped its hand by attaching a copy of the complaint that it would file and it would dismiss the holding company's cause of action and deprive the holding company's creditors or shareholders of any right to recover, that they ought to have the right to pursue if they can prove that they're entitled to recover in their own action. It doesn't in any way impede the bank . . . [T]he regulatory scheme really does not prevent that from occurring so long as the liquidating trustee is merely trying to recover on the direct causes of action of the holding company.

See Oct. 21, 2010 Hr'g Tr. at pp. 18: 13-22, 19:21-24, Sharp v. Morales et al, 2:10-ap-1569-RN (Bankr. C.D. Cal. November 9, 2010) [Docket No. 91]. In moving to intervene in that adversary proceeding, the FDIC-R had alleged that, pursuant to FIRREA, certain claims belonged to FDIC-R rather than to the Debtor's creditors.[6] As the quoted language reflects, Judge Neiter observed that pursuit by the Liquidating Trustee through that adversary proceeding of claims belonging to the Debtor did not impede FDIC-R from independently pursuing claims the Bank might have against its

[6] See *Notice of Motion and Motion of Federal Deposit Insurance Corporation, as Receiver of Vineyard Bank, National Association to Intervene in Adversary*, Sharp v. Morales et al, 2:10-ap-1569-RN (Bankr. C.D. Cal. Sept. 14, 2010) [Docket No. 57].

own directors and officers. One can reasonably wonder if the suggestion in the Motion that this Court should handle the determination as to whether expected tax refunds are property of the Debtor's estate might somehow be connected to the Bankruptcy Court's rejection of the arguments FDIC-R advanced unsuccessfully with respect to intervention.

**C. The Motion is Tardy**

A motion to withdraw the reference must be "timely." See 28 U.S.C. § 157(d). In the Ninth Circuit, this requires that a motion to withdraw the reference be made "*as promptly as possible* in light of the developments in the bankruptcy proceedings." Security Farms, 124 F.3d at 1007 n. 3 (emphasis supplied; citations omitted). See also In re Mahlmann, 149 B.R. 866, 869 (N.D. Ill. 1993) ("Courts . . . have generally defined timely as 'as soon as possible after the moving party is aware of grounds for withdrawal of reference" or as "at the first reasonable opportunity after the moving party is aware of the grounds for withdrawal of the reference.'") (internal citation omitted); In re Allegheny Health Edu. And Research Foundation, Nos. CIV A 06-1469, 98-25773, 06-2031, 2006 WL 3843572 at *2 (W.D. Pa. Dec. 19, 2006) (motion was untimely where arguments in support thereof "could have been made the day that the adversary proceeding complaint was filed"). The purpose of the timeliness requirement "is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics." Mahlmann, 149 at 869. See also In re FMI Forwarding Co., Inc., No. 00 B 41815 (CB), 2005 WL 147298 at *6 (S.D.N.Y. Jan. 24, 2005) ("Delay for tactical reasons, such as forum shopping, or which prejudices the opposing party or the administration of justice, can be grounds for denying a withdrawal motion as untimely.").

More than nine months elapsed following the initiation of the Adversary Proceeding, and more than three months after FDIC-R filed its answer and counterclaims, before FDIC-R filed the Motion. FDIC-R offers not so much as a

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

word of explanation for this delay; and there can be no suggestion by FDIC-R that it was somehow unaware until recently of the grounds it proffers for seeking withdrawal of the reference: FDIC-R filed its proof of claim in the Debtor's case in January 2010, referencing various provisions in FIRREA. See Laine v. Gross, 128 B.R. 588, 589 (D. Me. 1991) (motion to withdraw reference was untimely where it was filed six months after the complaint and no new grounds for withdrawal were present). That the Debtor or Liquidating Trustee would object and seek to disallow the FDIC-R's claim could hardly be unexpected. Under the circumstances, FDIC-R's delay is inexplicable, except as an attempt by substituted counsel to change course the better part of a year after the Complaint was filed.

Even setting aside its failure to carry the burden of persuasion on the merits of withdrawal of the reference, the tardiness of the Motion is an independent basis for denial.

## IV. CONCLUSION

Administration of the assets of a failed bank in a receivership proceeding and administration of the bankruptcy case of an affiliate can and do run simultaneously. The Debtor asserted no claim in the Bank's receivership; FDIC-R, however, elected to file a proof of claim in the Debtor's chapter 11 case, asserting entitlement to assets of the Debtor. Determination of that proof of claim, and the extent of the property of the Debtor's bankruptcy estate, are core matters for the Bankruptcy Court. The Motion should be denied.

Respectfully submitted,

Dated: March 14, 2011

WINSTON & STRAWN LLP

By: /s/ Henkie F. Barron
Henkie F. Barron
Counsel to the Liquidating Trust