**WINSTON & STRAWN LLP**
ERIC E. SAGERMAN (SBN: 155496)
ROLF S. WOOLNER (SBN: 143127)
HENKIE F. BARRON (SBN: 245085)
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
esagerman@winston.com
rwoolner@winston.com
hbarron@winston.com

JS-6

cc: Bankruptcy Court

Attorneys for plaintiff, the Vineyard National Bancorp Liquidating Trust

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VINEYARD NATIONAL BANCORP,<br><br>    Debtor.<br><hr>BRADLEY D. SHARP, AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST OF VINEYARD NATIONAL BANCORP,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Vineyard Bank, National Association,<br><br>    Defendant and Counter-Plaintiff. | **District Court Case No. CV11-01563-R**<br><br>Underlying Cases:<br><br>Chapter 11<br>Case No. 2:10-BK-21661-RN<br>Hon. Richard Neiter<br><br>Adv. Pro. No. 2:10-ap-01815-RN<br><br>**ORDER DENYING MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR VINEYARD BANK, NATIONAL ASSOCIATION, FOR THE ENTRY OF AN ORDER WITHDRAWING REFERENCE OF ADVERSARY PROCEEDING**<br><br>Date: April 4, 2011<br>Time: 10:00 a.m.<br><br>Courtroom: 8<br>312 N. Spring St.<br>LA, CA 90012 |

1

**[PROPOSED] ORDER DENYING MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING**

LA:291049.5

At the above captioned date and time, the Court considered the *Motion of the Federal Deposit Insurance Corporation, as Receiver for Vineyard Bank, National Association for the Entry of an Order Pursuant to 28 U.S.C. § 157(D), Bankruptcy Rule 5011(A), and Local District Court Rule 6.1 Withdrawing the Reference of Adversary Proceeding* (the "Motion") [Docket No. 1], which seeks to withdraw the reference from the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") with respect to adversary proceeding 2:10-ap-01815-RN (the "Adversary Proceeding"), currently pending before the Honorable Richard M. Neiter of that court.  Appearances of counsel were noted in the record of the Court.  Based upon the Motion, the papers filed in support of and in opposition to the Motion, and applicable law, the Court **DENIES** the Motion for the following reasons:

28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce.

Courts have recognized that a literal application of the statute governing mandatory withdrawal of the reference is inappropriate; rather, that portion of the statute should be narrowly construed as applying to situations where the proceeding requires substantial and material consideration of federal law for its resolution.  See Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 n.4 (9th Cir. 1997).  Mandatory withdrawal thus is necessary only when the movant demonstrates that consideration of non-bankruptcy law "will present the bankruptcy court with novel, complex or unresolved issues".  In re Coe-Truman Techs., Inc., 214 B.R. 183, 186 (N.D. Ill. 1997).

Although movant Federal Deposit Insurance Corporation, as Receiver for Vineyard Bank, National Association ("FDIC-R"), cites fourteen non-bankruptcy laws in the Motion as allegedly applicable in this dispute, FDIC-R gives no background to explain why. The Court finds that FDIC-R has failed to show that the Adversary Proceeding will require considerable analysis of any of these non-bankruptcy statutes. To the extent the cited laws are even applicable, they appear to require only straight-forward application of law to fact. See In re CIS Corp, 140 B.R. 351, 353 (S.D.N.Y. 1992) (denying motion to withdraw the reference because among other things, "[t]he application of law to fact on the issue of subject-matter jurisdiction [as provided by FIRREA] is straight forward."). FDIC-R has not shown that the issues raised by the Adversary Proceeding present matters of first impression; instead, it appears that the issues are subject to well-established federal law. Finally, the matters to be considered in the Adversary Proceeding are core bankruptcy issues, specifically considered to be within the Bankruptcy Court's competence. Under the circumstances, mandatory withdrawal is not required.

28 U.S.C. § 157(d) also permits the reference to be withdrawn "for cause shown." Cause contemplates consideration of "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms, 124 F.3d at 1008.

The Court finds that judicial economy will not be served by a permissive withdrawal of the reference. Vineyard National Bancorp's bankruptcy case has been pending before the Bankruptcy Court since July 2009, and the Bankruptcy Court has experience with and understanding of the underlying facts. Finally, the Court is concerned, in light of the language from a ruling by the Bankruptcy Court identified in the opposition papers, that FDIC-R may be attempting to benefit from a different judge following unfavorable rulings in other related proceedings. Such forum shopping should be prevented.

For the reasons expressed above and on the record at the hearing on the Motion, the Motion of the FDIC-R for the entry of an order pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011(a), and Local District Court Rule 6.1 withdrawing the reference as to the Adversary Proceeding is **DENIED**.

IT IS SO ORDERED.

Dated: _April 11, 2011_

_____
HON. MANUEL L. REAL
United States District Court Judge

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

3

**[PROPOSED] ORDER DENYING MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING**

LA:291049.5